UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



| | |
|---|---|
| Abdullah Mamun and Julia Mamun individually and on behalf of all others similarly situated | )<br>)<br>) |
| Plaintiff, | )<br>) CV 14 3574<br>) No. |
| v. | )<br>) |
| Newman & Lickstein, and and Paul I. Newman | ) CLASS ACTION COMPLAINT<br>) |
| Defendant. | ) JURY DEMANDED |

FEUERSTEIN, J

BROWN, M. J.

**Class Action Complaint for Violations of the Fair Debt Collection Practices Act**

**Introduction**

1. Plaintiffs Abdullah Mamun and Julia Mamun ("Plaintiffs") file this Class Action Complaint seeking redress for the illegal practices of Defendants in connection with the collection of a debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

**Parties**

2. Plaintiff Abdullah Mamun is a citizen of New York State who resides within this District.

3. Plaintiff Julia Mamun is a citizen of New York State who resides within this District.

1

4. Plaintiffs are "consumers" as that term is defined by FDCPA § 1692a(3).

5. Defendant Newman & Lickstein is an unincorporated law firm located in New York.

6. Paul I. Newman is an attorney working at Newman & Lickstein.

7. Defendants are regularly engaged in the collection of debts allegedly due to others.

8. Defendants are "debt collectors," as defined by FDCPA § 1692a(6).

9. The alleged debt of Plaintiffs is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was for the purchase of household and personal products and no part of the alleged debt was incurred for business related items or services. The debt is alleged to be owed for ambulance service provided for Plaintiff Abdullah Mamun.

### Jurisdiction and Venue

10. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

11. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

12. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

13. Venue is also proper in this district since Defendant transact business in this district.

### Factual Allegations

14. On or January 21 2014, Defendant sent an initial letter to Plaintiff, a copy of which is attached as Exhibit A, in an attempt to collect the alleged debt. The full content of Exhibit A is incorporated herein. The letter was signed by Defendant Paul I. Newman.

2

15. Exhibit A falsely indicates that the Plaintiffs needs to dispute the alleged debt in writing. Exhibit A is false in that a consumer has a right to dispute the debt orally. *Diaz v. Residential Credit Solutions, Inc.*, 965 F. Supp. 2d 249 (E.D.N.Y. 2013); *Ong v. American Collections Enter., Inc., 1999 U.S. Dist. LEXIS 409 (E.D.N.Y. Jan. 15, 1999).*

16. Exhibit A falsely informs the Plaintiffs that they have thirty days from the date of the notice to dispute the debt, as opposed to thirty days from receipt of the letter as provided by 15 USC 1692g. *Jacobson v. Healthcare Fin. Servs.*, 516 F.3d 85, 93 (2d Cir. N.Y. 2008); *Vera v. Trans-Continental Credit & Collection Corp.*, 1999 U.S. Dist. LEXIS 3464 (S.D.N.Y. Mar. 23, 1999).

17. Exhibit A stated:

**DEAR ABDULLAH AND JULIA MAMUN,**

**The above account has been turned over to this office for collection and all future payments must be made at the above address. If you wish to dispute the validity of all or any portion of this debt, or would like the name and address of the original creditor, you must advise us in writing, within thirty (30) days of the date of this notice. OTHERWISE, we will assume the entire debt to be valid.**

**If you notify this office in writing, within the thirty-day period that the debt, or any portion thereof is disputed, we will obtain verification of the debt and a copy of said verification will be mailed to you. This is an attempt to collect a debt and any further information obtained will be used for that purpose.**

18. Collection letters, such as Exhibit A, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer." (*Russell v. Equifax A.R.S.*, 74, F. 3d. 30 (2d Cir. 1996).

19. Exhibit A appears to be a standard form collection letter.

20. Upon information and belief, Defendants sent form letters containing language substantially similar or materially identical to that contained in Exhibit A to hundreds of consumers in New York.

### *Class Action Allegations*

21. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    a. Based on the fact that the collection letters at the heart of this litigation are mass-mailed form letters, the classes are so numerous that joinder of all members is impractical.

    b. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include whether Exhibit A violates the FDCPA.

    c. The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received the letter, (*i.e.*, the class members), which is a matter capable of ministerial determination from the Defendants' records.

    d. Plaintiff will fairly and adequately represent the class members' interests. All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

    e. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

22. A class action is superior for the fair and efficient adjudication of the class members' claims.

23. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

24. The class members are generally unsophisticated individuals unaware of the

4

protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

25. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

26. If the facts are discovered to be appropriate, Plaintiffs will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

26.  This Count is brought by Plaintiffs, individually, and on behalf of a class consisting of all persons who, according to Defendant's records: (a) have mailing addresses within New York State; and (b) within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to the letter sent to Plaintiffs, attached as Exhibit A; (d) which was not returned by the postal service as undelivered.

28. Collection letters, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## Count I

## Violations of the Fair Debt Collection Practices Act

29. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

### The Defendants' Letter

30. By sending Exhibit A, Defendant violated numerous provisions of the FDCPA, including 15 U.S.C. §§1692 e, e(10), g(a), and g(b).

31. Exhibit A violated 15 U.S.C. 1692e and 1692e(10) in that the letter provides consumers with an erroneous description of their rights. The explanation of the consumers' rights provided by Defendant is false in that it misleads the consumers as to their rights under 15 USC 1692g.

32. Exhibit A also violated 15 U.S.C. § 1692g(a) and 15 U.S.C. § 1692g(b), by not adequately providing the Plaintiff with the notices required by such provisions.

33. Defendant's violations of 15 U.S.C. §1692, *et seq.*, render Defendant liable to Plaintiff.

34. As a result of Defendant deceptive and unfair debt collection practices, Defendant is liable to Plaintiff.

WHEREFORE, Plaintiffs asks that this Court enter judgment in his favor and in favor of the members of the Class, against Defendants, awarding damages as follows:

(A) Statutory damages as provided by § 1692k of the FDCPA;

(B) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(C) Declaratory relief declaring that Exhibit A violates the FDCPA; and

(D) Any other relief this Court deems appropriate and just.

## Jury Demand

Plaintiff demands trial by jury.

Dated: West Islip, New York
      June 4, 2014

                                                RESPECTFULLY SUBMITTED,

                                                /S/Joseph Mauro
                                                Joseph Mauro, Esq.
                                                The Law Office of Joseph Mauro, LLC
                                                306 McCall Ave.
                                                West Islip, NY 11795
                                                (631) 669-0921

# EXHIBIT A

# NEWMAN & LICKSTEIN
ATTORNEYS AND COUNSELORS AT LAW

PAUL I. NEWMAN
SCOTT A. LICKSTEIN

109 S. WARREN STREET | SUITE 1300 | SYRACUSE NEW YORK 13202 | VOICE: 315.422.1172 | FAX: 315.422.1400

January 21, 2014

ABDULLAH MAMUN
AND JULIA MAMUN
1383 PINE CT.
EAST MEADOW, NY 11554

RE:  TLC EMERGENCY MEDICAL SERVICE, INC.
     $1,052.53

Dear ABDULLAH AND JULIA MAMUN,

The above account has been turned over to this office for collection and all future payments must be made at the above address. If you wish to dispute the validity of all or any portion of this debt, or would like the name and address of the original creditor, you must advise us in writing, within thirty (30) days of the date of this notice. OTHERWISE, we will assume the entire debt to be valid.

If you notify this office in writing, within the thirty-day period that the debt, or any portion thereof is disputed, we will obtain verification of the debt and a copy of said verification will be mailed to you. This is an attempt to collect a debt and any further information obtained will be used for that purpose.

VERY TRULY YOURS,

*[signature]*

NEWMAN & LICKSTEIN

PIN/SD

www.newmanlickstein.com