UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ABDULLAH   MAMUN   and   JULIA   MAMUN    Case No.: CV-14-3574
individually,  and  on  behalf  of  all  others  similarly
situated,

Plaintiffs,

    -against-

NEWMAN & LICKSTEIN AND PAUL I. NEWMAN,

Defendants.

-------------------------------------------------------------------X

**ANSWER**

Defendants, Newman & Lickstein and Paul I. Newman (collectively, "Defendants"), by their attorneys, L'Abbate, Balkan, Colavita & Contini, L.L.P., as and for their answer to the class action complaint (the "Complaint") of plaintiffs, Abdullah Mamun and Julia Mamun (collectively, "Plaintiffs"), set forth as follows:

1.     Deny each and every allegation contained in paragraph designated "1" of the Complaint.

2.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "2" of the Complaint.

3.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "3" of the Complaint.

4.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "4" of the Complaint, and refer all questions of law to the Court for a determination of same.

5.     Admit the allegations contained in paragraph designated "5" of the Complaint.

6.     Admit the allegations contained in paragraph designated "6" of the Complaint.

7.     Deny each and every allegation contained in paragraph designated "7" of the Complaint.

8.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "8" of the Complaint, and refer all questions of law to the Court for a determination of same.

9.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "9" of the Complaint, except admit that the underlying debt was related to ambulance services provided, and refer all questions of law to the Court for a determination of same.

10.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "10" of the Complaint, and refer all questions of law to the Court for a determination of same.

11.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "11" of the Complaint, and refer all questions of law to the Court for a determination of same.

12.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "12" of the Complaint, and refer all questions of law to the Court for a determination of same.

13.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "13" of the Complaint, and refer all questions of law to the Court for a determination of same.

14.     With respect to paragraph designated "14" of the Complaint, Defendants refer the Court to the original letter for a complete statement of its contents.

15.     Deny each and every allegation contained in paragraph designated "15" of the Complaint.

16.     Deny each and every allegation contained in paragraph designated "16" of the Complaint.

17.     With respect to paragraph designated "17" of the Complaint, Defendants refer the Court to the original letter for a complete statement of its contents.

18.     Deny each and every allegation contained in paragraph designated "18" of the Complaint, and refer all questions of law to the Court for a determination of same.

19.     Deny each and every allegation contained in paragraph designated "19" of the Complaint.

20.     Deny each and every allegation contained in paragraph designated "20" of the Complaint.

21.     Deny each and every allegation contained in paragraph designated "21" of the Complaint.

22.     Deny each and every allegation contained in paragraph designated "22" of the Complaint.

23.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "23" of the Complaint.

24.     Deny each and every allegation contained in paragraph designated "24" of the Complaint.

25.     Deny each and every allegation contained in paragraph designated "25" of the Complaint.

26.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "26" of the Complaint.

27.     Deny each and every allegation contained in paragraph "27" of the Complaint (improperly designated as paragraph "26") of the Complaint.

28.     Deny each and every allegation contained in paragraph designated "28" of the Complaint, and refer all questions of law to the Court for a determination of same.

## ANSWERING COUNT I

29.     With respect to paragraph designated "29" of the Complaint, Defendants repeat and reiterate each and every denial and admission set forth in paragraphs designated "1" through "28" of the Complaint.

30.     Deny each and every allegation contained in paragraph designated "30" of the Complaint.

31.     Deny each and every allegation contained in paragraph designated "31" of the Complaint.

32.     Deny each and every allegation contained in paragraph designated "32" of the Complaint.

33.     Deny each and every allegation contained in paragraph designated "33" of the Complaint.

34.     Deny each and every allegation contained in paragraph designated "34" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

35.     Plaintiffs have failed to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

36.     To the extent Plaintiffs seek to recover damages and/or penalties for acts and/or omissions occurring more than one year prior to the date the Complaint was filed, or seek to recover attorneys' fees based upon acts occurring more than one year prior to the service of the Complaint, Defendants raise the expiration of the Statute of Limitations as a bar to such action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

37.     If Plaintiffs have sustained any damages as alleged, which damages are denied, then all such damages will have been caused or brought about, in whole or in part, by the affirmative wrongdoing, fault, negligence, culpable conduct and failure of due care of Plaintiffs.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

38.     Any violations alleged by Plaintiffs, which violations are specifically denied by Defendants herein, were not intentional and resulted, if at all, from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

39.     The Complaint was asserted to achieve the collateral result of attempting to prevent the collection of a legitimate debt owed by Plaintiffs.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

40.     The Complaint was brought as an improper attempt to recover attorneys' fees.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

41.    Plaintiffs' claims for relief are barred by the doctrine of unclean hands, and are motivated by purposes other than legitimate claims under the Fair Debt Collection Practices Act, thereby warranting an award of attorneys' fees to Defendants pursuant to 15 U.S.C. § 1692-k(a)(3).

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

42.    Plaintiffs are unable to demonstrate the prerequisites to a Class Action.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

43.    Plaintiffs are unable to demonstrate that a Class Action is maintainable.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint, together with the costs and disbursements of this action, plus such other and further relief as this Court may deem just and proper.

Dated:  Garden City, New York
        July 31, 2014

                        Yours, etc.,

                        L'ABBATE, BALKAN, COLAVITA
                         & CONTINI, L.L.P.

        By:     _____
                        Matthew J. Bizzaro
                        Attorneys for Defendants
                        1001 Franklin Avenue, 3rd Floor
                        Garden City, NY  11530
                        (516) 294-8844
                        File No.: 1808-97815

TO:    Joseph Mauro, Esq.
       The Law Office of Joseph Mauro, LLC
       Attorneys for Plaintiffs
       306 McCall Avenue
       West Islip, NY 11795
       (631) 669-0921

- 6 -

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                               ) ss.:
COUNTY OF NASSAU      )

        DENISE MITCHELL, being duly sworn, deposes and says that deponent is not a party to the within action, is over 18 years of age and resides in Nassau County, New York.

        That on the 31st day of July, 2014, deponent served the within **ANSWER** upon:

        Joseph Mauro, Esq.
        The Law Office of Joseph Mauro, LLC
        206 McCall Avenue
        West Islip, NY 11795

the attorney(s) for the respective parties in this action, at the above address(es) designated by said attorney(s) for that purpose, **by ECF**.

DENISE MITCHELL

Sworn to before me this
31st day of July, 2014.

Notary Public

KAITLYN L. LAVARONI
Notary Public of the State of New York
No. 02LA6302748
Qualified in Nassau County
My Commission Expires 5/5/2018

- 7 -