UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ABDULLAH MAMUN AND JULIA MAMUN, on
behalf of themselves and all
others similarly situated,

                                                                         No: 14 CV 3574
                                           Plaintiff,

-against-

NEWMAN & LICKSTEIN AND PAUL I. NEWMAN

                                                     Defendants.
-----------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ MAR 31 2015 ★

LONG ISLAND OFFICE

## PRELIMINARY APPROVAL ORDER OF THE CLASS ACTION SETTLEMENT

This matter comes before the Court on the joint request (the "Joint Motion") of Abdullah Mamun and Julia Mamun ("Mamun"), and a class of persons similarly situated (collectively "Plaintiffs" or "Settlement Class Members"), on the one hand, and Newman and Lickstein and Paul I. Newman, (the "Defendants") for preliminary approval of the Class Action Settlement Agreement (the "Agreement"), dated **March 31, 2015**. The Court has reviewed the Agreement and the exhibits attached to the Joint Motion, and, good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

1.    Definitions. For the purposes of this Order, the Court adopts by reference the definitions set forth in the Class Action Settlement Agreement (the "Agreement") which is attached to the Joint Motion as Exhibit "A".

2.    Preliminary Approval. The Court preliminarily approves the Settlement of the Action set forth in the Agreement as being fair, reasonable, and adequate to the Parties. Specifically, this Court finds that: 1) based on Defendants' representations of a net worth of $4,136,700.00, settlement of this case for a recovery to the Settlement Class of $41,367.00 to be

divided on a pro rata basis among those class members who do not effectively exclude themselves from the class, constitutes the maximum available statutory damages recovery to a class under the Fair Debt Collection Practices Act, and is therefore fair and reasonable; 2) payment to the Class Representatives jointly the total sum of $5,000.00 for damages and for their role in this litigation, is fair and reasonable; and 3) a separate payment to Settlement Class Counsel of fees and costs of $12,500.00, which is not taken from any recovery to the Settlement Class is fair and reasonable for the services provided by Settlement Class Counsel up to and continuing until all questions of the Settlement Class have been answered and a Final Approval Order is entered; and an additional payment to Class Counsel of $475.00 for the cost of filing and serving this lawsuit is fair and reasonable;

Affidavits in support of these fees and costs based upon the Settlement Class Counsel's current hourly rates will be attached to the papers submitted in support of final court approval of the settlement. Defendants' counsel, after negotiating the amount of fees in this case, has agreed not to contest the Settlement Class Counsel's rate or the amount of fees sought. To the extent that there are any funds from un-cashed, expired Settlement Checks, an amount equal to the amount of such uncashed checks will be paid over as a *cy pres* award to Class Counsel to be distributed to the Suffolk County Bar Association Pro Bono Foundation.

If the above Settlement is not given final approval for any reason or in any way, or the Effective Date does not occur, or the Agreement is rescinded and terminated, the Parties shall be restored to their respective positions in the Action as of the approximate date prior to which the agreement-in-principle to settle the Action was reached. In such event, the terms and provisions of the Agreement shall have no further force and effect with respect to the Parties, shall be deemed to be without prejudice in any way to the position of the Parties with respect to this

Action or any other action, and shall not be used in the Action or in any other proceeding for any purpose, except as provided in the Agreement or herein.

The following class is hereby certified for settlement purposes:

> "Class Members" shall mean Persons defined in the following manner: All persons who, according to Defendants' records: (a) had mailing addresses within New York State; and (b) between June 6, 2013 and June 6, 2014, (c) received a letter from the Defendant materially identical or substantially similar to the letter attached as Exhibit A to the Plaintiffs' complaint in this action.

3. <u>Settlement Hearing</u>. A Settlement Hearing will be held on **AUGUST 3, 2015 at 11:15am** at which the Court will finally determine whether the Settlement of the Action, should be finally approved as fair, reasonable, and adequate and whether the Judgment and Order of Dismissal with Prejudice (the "Judgment") should be entered. The Court may adjourn or continue the Settlement Hearing without further notice to the Settlement Class.

4. <u>Form and Content of Notice</u>. The Court approves, as to form and content, for distribution to potential members of the Settlement Class the Notice in the form attached as Exhibit "B" to the Joint Motion for Preliminary Approval.

5. <u>Mailed Notice</u>. No later than 21 days after the date upon which the Court enters the Preliminary Approval Order, Defendants' counsel must provide Class Counsel and the Settlement Administrator with the class list in computerized form usable without manual reentry. No later than 30 days after the date upon which the Court enters the Preliminary Approval Order, the Settlement Administrator shall mail the Notice (Exhibit "B" to the Joint Motion for Preliminary Approval) by first class mail to Settlement Class Members with Accessible Contact Information. The Settlement Administrator shall file with the Court and serve upon Settlement Class Counsel no later than 5 business days before the Settlement Hearing an affidavit or

3

declaration stating that the mailings have been completed in accordance with the terms of this Preliminary Approval Order.

6. <u>Best Practicable Notice</u>. The Court finds that dissemination of the Notice in the manner described herein constitutes the best notice practicable under the circumstances to potential Settlement Class Members and complies fully with Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law. No further notices to the class members are required.

7. <u>Requests for Exclusion</u>. Any Person may seek to be excluded from the Settlement. Any Person so excluded shall not be bound by the Settlement and shall not be entitled to any of its benefits. To be timely, a request for exclusion must be sent to the Settlement Administrator and be postmarked no later than the Opt-Out Date. To be effective, the request for exclusion must make clear that exclusion is sought by checking the appropriate box on the claim form or by submitting a letter stating words to the effect of "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN MAMUN v. NEWMAN & LICKSTEIN, AND PAUL I. NEWMAN." The request for exclusion must also contain the excluded Person's name and address, and the request must be signed by that Person or, if other than a natural person, by an authorized representative of the Person. The Settlement Administrator shall provide copies of any and all requests for exclusion to Defendants' Counsel and to Class Counsel no later than 5 business days before the Settlement Hearing. Class Counsel shall file and serve a list of all individuals or entities who timely and effectively request exclusion.

8. <u>Objections</u>. Any Class Member who objects to the Settlement shall have a right to appear and be heard at the Settlement Hearing provided that such Person files with the Court and delivers to designated Class Counsel and Defendants' Counsel a written notice of objection

4

no later than 21 days before the Settlement Hearing. Any Person who objects to the Settlement must file a written statement of reasons of no more than 15 pages with the Clerk of the Court and deliver same to Class Counsel and Defendants' Counsel with the written notice of request for exclusion. Class Counsel and Defendants' Counsel may, but need not, respond to the objections, if any, by means of a memorandum of law of no more than 15 pages filed and served no later than 5 business days prior to the Settlement Hearing. The manner in which a notice of objection should be prepared, filed, and delivered shall be stated in detail in the Notice. Only Settlement Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise. Any Settlement Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of Attorneys' Fees to Settlement Class Counsel, unless otherwise ordered by the Court.

9. <u>Defendants' Denial of Liability</u>. The Court notes that Defendants deny any liability to Plaintiff or to the Class for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendants consider it desirable that the Action be dismissed and that the claims against Defendants be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendants arising from the acts, transactions, or occurrences alleged in the Action.

10. <u>Stay of Discovery and Litigation</u>. All discovery and other proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

11. <u>Injunction</u>. The Court hereby bars and enjoins all Class Members, except those who have timely and effectively requested exclusion, from instituting, or prosecuting any action, or proceeding, whether class or individual, against Defendants for liability in any way related to, arising out of, or based upon the Released Claims, unless and until the Settlement Agreement is terminated.

12. <u>Extension of Deadlines</u>. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

13. <u>Deadline for Opt-Outs</u>. To be legally effective, all requests for exclusion described in paragraph 7, above, must be received on or before **JUNE 19, 2015**. All Change of Address forms must be received by the same date.

14. <u>Deadline for Objections</u>. Class Member Objections, as described in paragraph 8 above, must be delivered to Class Counsel and Defendants' Counsel and filed with the Court, as directed in the Notice, on or before **JULY 13, 2015**. Objections not filed and served in a timely manner shall be deemed waived. Class Counsel and Defendants' Counsel shall have until **JULY 27, 2015** to submit any written response to the objections to the Court and serve a copy of the response to the objector by regular mail.

SO ORDERED this 31 day of March, 2015.

s/ Sandra J. Feuerstein
Honorable Sandra Feurestein
United State District Court Judge

6