UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ABDULLAH MAMUN AND JULIA MAMUN, on
behalf of themselves and all
others similarly situated,

Docket No. 14 cv 3574

Plaintiff,

-against-

Newman & Lickstein and Paul I. Newman

Defendants.
-----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ AUG 03 2015 ★
LONG ISLAND OFFICE

## FINAL APPROVAL ORDER

This matter comes before the Court on the joint request of Plaintiff Abdullah Mamun and Julia Mamun and a class of Persons similarly situated (collectively "Plaintiffs" or "Class Members") and Defendants for final approval of the Class Action Settlement Agreement (the "Agreement"), dated March 20, 2015. Based upon Plaintiffs' counsel's certification in support of final approval and in support of their application for fees, the Court finds that:

A. The total number of Class Members is 168.

B. Notice was sent by first class mail to 168 persons at their last known mailing address using Accessible Contact Information.

C. The United States Postal Service returned 18 notices to the Settlement Administrator, as undeliverable with no forwarding address.

D. No Class Members objected to the Settlement.

E. No class members chose to opt-out of the Settlement, which is less than the maximum of 10 opt-outs allowable under the Agreement.

F.    A total of 168 Class Members shall share equally in the settlement fund of $41,367.00 which each Class Member receiving a check for $246.23.

The Court being duly advised, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.    Definitions. For the purposes of this Judgment and Order of Dismissal (the "Judgment"), the Court adopts by reference the definitions set forth in the Definitions section of the Agreement dated as of March 20, 2015, and attached as Exhibit "A" to the Parties' Joint Motion for Preliminary Approval.

2.    Notice. The Court finds that the distribution of the Notice, as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

3.    Final Approval. The Court finds that the Settlement is fair, reasonable, and adequate, and accordingly, the Court approves the Class as certified for settlement purposes and approves the Settlement, directing that the Parties implement it, including the following provisions:

A.    The Parties are directed to implement the settlement in accordance with its terms. Total payment of $5,000.00 shall be made jointly to Abdullah Mamun and Julia Mamun the Class Representatives. Payment of the $41,367.00 settlement fund is to be made to the Class Members who have not excluded themselves from the Class. Each of the class members shall receive a check in the amount of $246.23. Settlement checks to the Class Members shall expire 90 days from the date they are issued and notice of such expiration shall appear on the face of the

2

checks. To the extent that there are any funds from un-cashed, expired Settlement Checks, an amount equal to the amount of such uncashed checks will be paid over as a *cy pres* award to Class Counsel to be distributed to Suffolk County Bar Association Pro Bono Foundation.

B.  The Court hereby dismisses with prejudice the Action, all claims contained therein, and all Released Claims against Released Parties.

C.  The Parties are to bear their own costs, except as otherwise provided in the Agreement.

D.  Upon the Final Approval of the Settlement Agreement, the Class Representative and all Class Members shall be deemed to have and by operation of law shall have, fully, finally, and forever released and discharged all Released Claims against each and all of the Released Parties.

E.  Nothing herein shall alter, amend, or terminate the right of Defendants and their clients to collect any balance (including, but not limited to, principal, interest, attorneys' fees, and other costs and charges) allegedly owed by any Settlement Class Member, for any debt. Nothing herein shall otherwise release or discharge (1) any legally enforceable claim which any or all of Defendants and their clients may have against any Class Member or any other person or entity, or (2) any legally enforceable lien which any or all of Defendants and their clients may have against any or all Class Members or any other person or entity. Nothing herein shall otherwise void or abrogate the contractual obligations of any Settlement Class Member nor impair or limit any right or cause of action by the Class Representative or the Class to dispute the underlying debt or amount owed to Defendants.

3

4. <u>Injunction</u>. The Court bars and permanently enjoins all Class Members from instituting or prosecuting any action or proceeding, whether class or individual, against Defendants for liability in any way related to, arising out of, or based upon the Released Claims.

5. <u>Defendants' Denial of Liability</u>. The Court notes that Defendants deny any liability to Plaintiff or to the Class for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendants consider it desirable that the Action be dismissed and that the claims against Defendants be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendants arising from the acts, transactions, or occurrences alleged in the Action.

6. <u>Jurisdiction</u>. The Court finds that it has jurisdiction over the subject matter of the Action, the Class Representative, the other Class Members and Defendants. Without affecting the finality of the Judgment, the Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Agreement or Judgment.

7. <u>Attorneys' Fees</u>. After reviewing Class Counsel's certification for fees and in support of final approval, the Court awards to Class Counsel Attorneys' Fees and costs in the total amount of $12,500.00 at their current hourly rate. The Court awards costs in the amount of $457.00 for the cost of filing and serving this lawsuit.

8. <u>Timing of Payments or Consideration</u>. No later than 14 days after the Entry of Judgment becomes final as defined by paragraph 13 of the Class Action Settlement Agreement and Release, settlement checks shall to be distributed to all class members who have not excluded themselves from the Class, and Defendants shall pay a total of $5,000.00 jointly to

Abdullah Mamun and Julia Mamun; and shall pay $12,500.00 to Class Counsel for Attorneys' Fees, and $457.00 to Class Counsel for the costs of this action.

9. <u>Entry of Judgment</u>. There being no just reason to delay entry of this Judgment, the Clerk of the Court is ordered to enter this Judgment forthwith.

SO ORDERED this ___3___ day of ___August___, 2015.

s/ Sandra J. Feuerstein

Honorable Sandra Feurestein
United State District Court Judge

## JUDGMENT ENTERED
### AUG 0 3 2015

Date

<u>DOUGLAS C. PALMER</u>
Clerk of Court

By: /s/ Catherine Vukovich
Deputy Clerk

5